IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LOUIS ROBENSON,
    Petitioner,

vs.                             Case No. 5:08cv288/SPM/MD

RANDALL BRYANT,
    Respondent.
_____

**ORDER**

This cause is before the court upon petitioner filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1).[1] Petitioner has also filed a motion for leave to proceed *in forma pauperis* and a motion to appoint counsel. (Docs. 2 and 3, respectively).

Petitioner's *in forma pauperis* application is deficient in that it contains outdated financial information. The *in forma pauperis* statute, 28 U.S.C. § 1915 requires a prisoner to submit a copy of his inmate trust account statement reflecting transactions in that account for the <u>six-month period preceding the filing of the petition</u>. Petitioner submitted financial information for the period March 11, 2007 through September 6, 2007. (Doc. 2, p. 5). Accordingly, the motion will be denied without prejudice.

Petitioner's motion to appoint counsel will also be denied at this time. There is no constitutional right to counsel in post-conviction proceedings, including habeas proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 554, 107 S.Ct.

---

[1] The petition, although filed on September 11, 2008, is dated December 1, 2007. (Doc. 1, p. 27).

1990, 1993, 95 L.Ed.2d 539 (1987); *Fowler v. Jones*, 899 F.2d 1088 (11th Cir. 1990). Rule 8, Rules Governing Section 2254 provides that counsel shall be appointed in the event an evidentiary hearing is required.  However, at this juncture, it has not been determined that an evidentiary hearing is necessary.

Further, 18 U.S.C. § 3006A provides that counsel may be appointed for any financially eligible person in a case arising under the federal habeas corpus statute "[w]henever the United States magistrate or the court determines that the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B)(2005) (citing 28 U.S.C. § 2254). Federal courts generally have endorsed the appointment of counsel to represent indigent and legally unsophisticated prisoners in:  (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; and (5) factually complex cases.  James S. Liebman & Randy Hertz, *Federal Habeas Corpus Practice and Procedure,* § 12.3b (3d ed. 1998). Petitioner in this case asserts that he is financially unable to retain counsel, that his petition is complex because it presents seven grounds for relief, and that he is "slow by nature to adopt and interpret[ ] the laws."

Upon review of the file, it does not appear that this case is factually or legally complex.  Further, the nature of the pleadings filed by petitioner thus far suggest that he has an ability to litigate his case as well as that of the average *pro se* litigant. The court finds that the interest of justice does not require the appointment of counsel at this time.

As a final matter, upon review of the respective files in this case and in Case No. 5:08cv178/RS/EMT, the court has determined that these cases present common questions of fact or law, have been initiated by the same petitioner, and challenge the same conviction.  Accordingly, pursuant to Rule 42(a), Fed. R. Civ. P., this case is hereby consolidated with Case No. 5:08cv178/RS/EMT for all further proceedings. All further papers and pleadings shall be filed only in Case No. 5:08cv178/RS/EMT.

*Case No: 5:08cv288/SPM/MD*

Case 5:08-cv-00288-SPM-MD   Document 5   Filed 09/22/08   Page 3 of 3

*Page 3 of 3*

**Accordingly, it is ORDERED:**

1. Petitioner's motion to proceed *in forma pauperis* (doc. 2) is DENIED WITHOUT PREJUDICE.

2. Petitioner's motion to appoint counsel (doc. 3) is DENIED WITHOUT PREJUDICE.

3. The clerk of court is directed to consolidate this case with Case No. 5:08cv178/RS/EMT, and all future pleadings shall be filed in Case No. 5:08cv178/RS/EMT.

4. A copy of this order shall be placed by the clerk in Case No. 5:08cv178/RS/EMT.

DONE AND ORDERED this 22nd day of September, 2008.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE